UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| INTERBLOCK D.O.O., et al.,<br><br>    Plaintiffs<br><br>v.<br><br>MERKUR GAMING US, LLC, et al.,<br><br>    Defendants | Case No.: 2:25-cv-01699-APG-EJY<br><br>**Order Setting Briefing Schedule and Hearing on Plaintiffs' Motions for Temporary Restraining Order and Preliminary Injunction**<br><br>[ECF Nos. 4, 5] |

Plaintiff Interblock d.o.o. and Interblock USA, L.C. filed a verified complaint alleging that defendants Merkur Gaming US, LLC and Spintec d.o.o. are advertising for sale and intend to present at the upcoming 2025 Las Vegas Global Gaming Expo (G2E) certain electronic table games that infringe on the plaintiffs' patents. The plaintiffs seek a temporary restraining order and preliminary injunction precluding the defendants from "displaying, exhibiting, demonstrating, importing, selling, offering to sell, marketing, leasing, or otherwise distributing their Charisma craps and sic-bo games." ECF No. 4 at 24.

The plaintiffs filed the motion for a temporary restraining order *ex parte*, asserting that a restraining order without notice is appropriate because the plaintiffs do not know when the defendants may begin selling and distributing the allegedly infringing games in the United States. They also contend that it appears that defendant Spintec has no physical presence in the United States, so the plaintiffs will have to serve Spintec through the Hague Convention, which cannot be accomplished before G2E begins in early October. But the plaintiffs also state that they "will serve a copy of [their] Verified Complaint and this Motion to Merkur via its registered agent and upon Spintec via physical copies to its address as listed on its website and via its listed email address as soon as they are filed." *Id.* at 4.

1    I decline to address this matter on an *ex parte* basis without notice to the defendants and an opportunity to be heard. It appears that what the plaintiffs really want is expedited consideration of their motions, not *ex parte* (i.e., without notice) treatment. So, instead, I set an expedited briefing schedule and set this matter for hearing.

I THEREFORE order that the plaintiffs must immediately serve each of the defendants by email or hand delivery to the defendants and their counsel (if known) with the complaint (including all exhibits), the emergency motions for temporary restraining order and preliminary injunction, and a copy of this order. This service does not substitute for service of process required under the Federal Rules of Civil Procedure but is required solely to give the defendants notice of the emergency motions. The plaintiffs must formally serve defendant Merkur under Rule 4 and begin the process to serve defendant Spintec by Thursday, September 18, 2025.

I FURTHER ORDER the plaintiffs to file in court proof of their email or hand-delivery service no later than September 16, 2025.

I FURTHER ORDER that the defendants' responses to the motions for temporary restraining order and preliminary injunction (ECF Nos. 4, 5) are due by **5:00 p.m. (PDT) on Wednesday, September 24, 2025.**

I FURTHER ORDER that any reply shall be filed by **12:00 p.m. (PDT) on Tuesday, September 30, 2024**.

I FURTHER ORDER that the motions for temporary restraining order and preliminary injunction (ECF Nos. 4, 5) are set for hearing on **Friday, October 3, 2025 at 9:30 a.m. (PDT)** in Las Vegas Courtroom 6C.

/ / / /

/ / / /

I FURTHER ORDER the clerk of court to remove the "ex parte" designation from ECF No. 4 and make that document publicly available.

DATED this 11th day of September, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE