UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| INTERBLOCK D.O.O. and, INTERBLOCK USA, L.C., <br><br> Plaintiffs, <br><br> v. <br><br> MERKUR GAMING US, LLC and SPINTEC D.O.O., <br><br> Defendants. | Case No. 2:25-cv-01699-APG-EJY <br><br> **ORDER** |

Pending before the Court is Defendants' Motion to Seal Portions of the Declaration of Goran Sovilj and Joanne Johnson and Exhibit 55 in Support of Defendants' Opposition to Plaintiffs' Motion for Entry of a Temporary Restraining Order and Preliminary Injunction. ECF No. 29.

**I.     DISCUSSION**

The party bringing a motion to seal must meet its burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). Where a party seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force to non-dispositive materials." *Id*. at 1179 (citation omitted). Whether a motion is dispositive or non-dispositive turns on whether "the motion at issue is more than tangentially related to the underlying cause of action." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016) (applying the "compelling reasons" standard to a Motion to Seal in response to exhibits attached to a Motion for Preliminary Injunction). The Opposition to a Motion for Entry of a Temporary Restraining Order and Preliminary Injunction is more than tangentially related to the underlying cause of action and, therefore, Defendants must demonstrate compelling reasons to seal. *See Equabli, Inc. v. EverChain LLC*, Case No. 2:25-cv-01444-CDS-

MDC, 2025 WL 2612799, at *2 (D. Nev. Sept. 2, 2025) (applying the "compelling reasons" standard to exhibits related to a Motion for Entry of Temporary Restraining Order and Preliminary Injunction).

The fact that production of records may lead to a party's embarrassment, incrimination, or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mutual Automobile Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Compelling reasons require a demonstration of something more such as when court files become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Information touching on business agreements, proprietary information, and internal policies and procedures may suffice as compelling reasons sufficient to outweigh the public's interest in disclosure of the information. *Callahan v. PlusFour, Inc.*, Case No. 2:17-cv-2513 JCM (GWF), 2019 WL 302492, at *5 (D. Nev. Jan. 23, 2019), *citing Kamakana*, 447 F.3d at 1178-79.

The Court reviewed the Motion to Seal as well as the exhibits sought to be sealed or redacted. The Court grants Defendants' Motion as the materials sought to be sealed or redacted contains proprietary business information and financial data.

## II.    ORDER

IT IS HEREBY ORDERED that Defendants' Motion to Seal Portions of the Declaration of Goran Sovilj and Joanne Johnson and Exhibit 55 in Support of Defendants' Opposition to Plaintiffs' Motion for Entry of a Temporary Restraining Order and Preliminary Injunction (ECF No. 29) is GRANTED.

IT IS FURTHER ORDERED that the Declaration of Gora Sovilj in Support of Defendants' Opposition to Plaintiffs' Motion for Entry of a Temporary Restraining Order and Preliminary Injunction filed at ECF No. 28 is and shall remain sealed; provided, however, that Defendants must file a corrected image because the text on page fifteen is partially obstructed.

IT IS FURTHER ORDERED that the Declaration of Joanne Johnson and Exhibit 55 filed at ECF Nos. 28-1, 28-2 are and shall remain sealed.

Dated this 26th day of September, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE